JOLLIFFE

*v.*

CHESAPEAKE & O. RY. CO.

(*Supreme Court of Appeals of Virginia, Dec. 22, 1894.*)

[20 S. E. Rep. 781.]

**Surface Water—Action against Railroad Company—Declaration.**

A declaration alleging that a railway company, by choking up the ditches on its right of way, and the drains and ditches leading therefrom, caused water to flow on plaintiff's land, the latter being on the plaintiff's own land, is demurrable, it not being the duty of the company to keep unobstructed the ditches on property not owned by it.

Error to circuit court, Botetourt county.

Action by one Jolliffe against the Chesapeake & Ohio Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

*Edmond Pendleton*, for plaintiff in error.

*W. T. Wickham, W. I. Robertson* and *R. L. Parrish*, for defendant in error.

LEWIS, P., delivered the opinion of the court.

This was an action of trespass on the case to recover damages for injury to the plaintiff's land by the alleged wrongful obstruction by the defendant company of the flow of surface water. The declaration states, in substance, that the plaintiff is seised and possessed of a certain described tract of

farming land, through which the company has constructed and is operating a railroad, and that, by the negligence of the company, its track, roadbed, and ditches, and the ditches and drains leading from the same, have been allowed to become obstructed and choked up with sand and rock, so as to cause the water naturally flowing from the plaintiff's land to accumulate in large quantities, and to flow back thereon, etc.

There was a demurrer to the declaration, which the circuit court sustained, and, as we think, correctly. There is great conflict in the American decisions in regard to the obstruction and repulsion of surface water, where there are two adjoining estates, one of which is lower than the other. Some of the states follow in this respect the civil law, which creates a natural easement of servitude on the lower in favor of the superior estate, while many others, including Massachusetts and New York, have adopted what is generally spoken of as the "common-law rule." According to that rule, no such easement or servitude exists, and the owner of the lower estate may obstruct or repel the flow of surface water thereon at his pleasure, without rendering himself liable in damages therefor. A leading case in support of this rule is Gannon v. Hargadon, 10 Allen, 106, where Bigelow, C. J., said: "Where there is no watercourse by grant or prescription, and no stipulation exists between coterminous proprietors of land concerning the mode in which their respective parcels shall be occupied and improved, no right to regulate or control the surface drainage of water can be asserted by the owner of one lot over that of his neighbor"; and consequently that the obstruction of surface water, or an alteration in the flow of it, affords no cause of action, in behalf of a person who may suffer loss or detriment therefrom, against one who does no act inconsistent with the due exercise of dominion over his own soil. The weight of authority seems to be in favor of the common-law rule. 24 Am. & Eng.

Enc. Law 896 ; Abbott v. Railroad Co., 20 Am. & Eng.
R. Cas. 103, 115, and cases cited.    The question is unsettled
in England, as it is in Virginia, and it is unnecessary to
decide it in the present case, because according to neither
rule, nor any recognized principle, can the declaration be
sustained.    According to the averments of the declaration,
the injury complained of was caused, not merely by the
choking up of the ditches on the company's right of way,
but by the choking up of the ditches and drains leading there-
from ; thus, in effect, charging that it was the duty of the
company, not only to keep its own ditches clear and unob-
structed, but those leading therefrom as well, which latter
are on the plaintiff's own land.    There is no law imposing
any such duty on a railroad company, and the judgment
sustaining the demurrer must therefore be affirmed.

LACY and FAUNTLEROY, JJ., absent.